IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

PEAK PROPERTY AND CASUALTY )
INSURANCE CORPORATION,      )
                            )
     Plaintiff,             )
                            )        CIVIL ACTION NO.
     v.                     )        2:23cv149-MHT
                            )              (WO)
PATRICIA BIERMANN, et al.,  )
                            )
     Defendants.            )

                          ORDER

     The allegations of the complaint in this case are

insufficient to invoke this court's original

jurisdiction under 28 U.S.C. § 1332 (diversity of

citizenship).  To invoke original jurisdiction based on

diversity, the complaint must distinctly and

affirmatively allege each party's citizenship.  *See*

*McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654

(5th Cir. 1975) (per curiam).[*]  The allegations must

_____

     [*]  In *Bonner v. City of Prichard*, 661 F.2d 1206,
1209 (11th Cir. 1981) (en banc), the Eleventh Circuit
Court of Appeals adopted as binding precedent all of
the decisions of the former Fifth Circuit handed down
prior to the close of business on September 30, 1981.

show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The complaint here is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': defendant Outlaw Express, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore "list the citizenships of all the members of the limited liability company." *Id*. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The complaint also fails to meet § 1332's requirements because it alleges the "residence" rather than the "citizenship" of individual defendants

Patricia Biermann, Desmond Bradley, Andrea Thomas, and Ricky Gray. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995 (1971). Moreover, to the extent defendants Desmond Bradley and Andrea Thomas represent their minor children in this action, their citizenship is determined by the citizenship of the children. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."). Accordingly, the complaint must also plead the citizenship of their children.

Finally, the court is unsure that the amount-in-controversy requirement has been met. The complaint seeks a declaratory judgment on a single claim for duty to defend and indemnify. "When a plaintiff seeks injunctive or declaratory relief, the

amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218–20 (11th Cir. 1997)). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

In an insurance company's declaratory-judgment suit for duty to defend and indemnify, the value of the requested declaratory relief from the plaintiff's perspective is determined by adding together the cost of defending the underlying state-court lawsuit and the size of the judgment that the insurance company could be required to pay in the state-court case. *See QBE*

**4**

*Ins. Corp. v. Branum Contracting, Inc.*, No. CV-09-S-171-NE, 2009 WL 10688921, at \*4 (N.D. Ala. Sept. 21, 2009) (Smith, J.) (citing *Clarendon Am. Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006) (Seitz, J.)); *Owners Ins. Co. v. James*, 295 F. Supp. 2d 1354, 1359 (N.D. Ga. 2003) (Pannell, J.) (citing *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)).

Here, it is not clear that the amount in controversy exceeds $ 75,000.  Based on the allegations in the complaint and the attached insurance policy, it appears that the most plaintiff could be required to pay in the underlying lawsuit is $ 30,000, and the complaint contains no estimate of the cost of defending the underlying lawsuit or of the amount of funds already expended on such defense.  *See Cohen*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).  Plaintiff should amend the complaint with sufficient facts to allow the court to determine whether its allegation as to the

amount in controversy has a good-faith basis. Plaintiff may alternatively, or in addition, submit a brief explaining why its allegations are sufficient to establish the amount in controversy.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until May 15, 2023, to amend the complaint to allege jurisdiction sufficiently, and to submit a brief on the amount in controversy if it so chooses; otherwise, this lawsuit shall be dismissed without prejudice.

DONE, this the 24th day of April, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE